CONSERVATIVE SAVINGS & LOAN ASSOCIATION OF OMAHA, APPELLEE, V. D. L. ANDERSON ET AL., APPELLANTS.

FILED MARCH 14, 1928. No. 25571.

*W. A. Meserve* and *E. A. Houston,* for appellants.

*J. F. Green* and *L. R. Slonecker, contra.*

HEARD before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and HOWELL, JJ.

GOOD, J.

This is an appeal from an order confirming a sale of real estate in an action to foreclose a real estate mortgage. The only objection to the confirmation, argued in the briefs and relied upon in this court for a reversal, is that the sale was conducted without an appraisal of the real estate, as provided by sections 8068 to 8073, inclusive, Rev. St. 1913.

Defendant contends that chapter 149, Laws 1915, which purports to amend and repeal the sections mentioned, is unconstitutional and invalid because it is violative of section 14, art. III, of our Constitution, which *inter alia* provides: "No bill shall contain more than one subject, and the same shall be clearly expressed in the title." The title to the act in question is as follows: "An act to amend sections 8071, 8073, and 8077, Revised Statutes of Nebraska for 1913, and to repeal sections 8068, 8069, 8070, 8071, 8072, 8073, 8074, and 8077 as now existing." It is argued that the title to the act in question does not allude to any subject for legislation and does not give any intimation as to what is contained in the act, and further that the act contains matter which is not germane to the subject-matter of the sections amended.

In construing the constitutional provision above quoted, it is always proper to keep in view the mischief which is sought to be prevented. The purposes of the provision were to prevent "log-rolling" legislation; to prevent surprise or fraud in the legislature by means of provisions in the bill of which the title gives no intimation; in other words, to prevent surreptitious legislation, and to apprise the people and those interested in the subject of legislation under consideration. It was not the purpose or intent of the framers of the Constitution to put the legislative body in a strait-jacket; nor to require that the titles to legislative acts should be a synopsis of the legislation to be enacted; nor to prevent the legislature from adopting a comprehensive title for a legislative act.

It is a rule of well-nigh universal recognition that the legislature may amend or repeal previous legislation by a bill, the title to which is one to amend and repeal the sections of the statute to which reference is made, and the rule is well-settled in this jurisdiction that a legislative act, the title to which is to amend certain specific sections of the statutes or a previous act of the legislature, may contain any matter which is germane to the subject-matter of the sections of the statute or legislative act sought to be

amended. Decisions by this court sustaining this rule are: *In re Estate of Austin, ante,* p. 137, and cases therein cited. The title to the act in controversy is sufficient to direct everyone interested to the particular sections of the statute which are sought to be amended and to be repealed. By reference thereto, it appears that they all relate to the sale of real estate on execution. The several sections amended or repealed provide for the levy, appraisal, the manner of appraisal, how the lands should be offered for sale, the notice of sale, redemption, sale and final confirmation of sale by the court. The whole subject-matter of all the sections relates and is germane to the one general subject of sale of real estate on execution.

Defendant argues that the new act contains matter which is not germane to the subject-matter of the sections amended. Counsel for defendant evidently overlook and do not give proper consideration to the general subject-matter contained in the sections amended. We find no matter contained in chapter 149, Laws 1915, that is not germane to the sections amended and which does not relate to the subject of sale of lands on execution. Chapter 149, Laws 1915, is not broader than its title and is not violative of the constitutional provision that "No bill shall contain more than one subject, and the same shall be clearly expressed in the title." Under the provisions of chapter 149, all provisions relating to an appraisal of real estate before sale on execution have been eliminated.

Under existing statutes, appraisal of real estate is not a prerequisite to a sale thereof either on execution or pursuant to an order of sale issued to execute a decree foreclosing a real estate mortgage. Judgment

AFFIRMED.